OPINION
In this consolidated appeal, defendants-appellants Stephen Dunn and Sandra Dunn appeal their criminal convictions in the Butler County Area II Court. We affirm the decision of the trial court.
Stephen[1] and Sandra are husband and wife. On November 27, 1998, they arrived at the home of Robin Dunn, Stephen's ex-wife, to pick up his children for a regularly scheduled visitation. Shortly after arriving, an altercation occurred among Robin, Sandra and Stephen. No one agrees exactly about details of the fight.
Robin testified that she walked from her residence to Stephen and Sandra's mini-van. Sandra was in the driver's seat and Stephen was in the front passenger's seat. Robin approached the passenger's side of the van to speak with Stephen. However, she was unable to communicate effectively with Stephen because he appeared to be intoxicated and under the influence of pain medication for his broken hand. Frustrated, Robin went to the driver's side of the van to speak to Sandra. She opened the driver's side door and told Sandra that she and Stephen needed to stop fighting in front of the children because the fighting was upsetting them. According to Robin, Sandra called her a "psychotic bitch" and started pulling her hair. Stephen then reached across the front of the van and pulled Robin's hair.
Stephen left the van at some point after the hair pulling began and approached Robin from behind. Stephen placed Robin in a headlock and began pulling her alongside of the van while he hit her repeatedly in the face. In support of her testimony, Robin introduced into evidence photographs taken by a Butler County Victims' Advocate depicting her injuries from the fight: a bruised jaw, a black eye, a scratch on her face, a bruised arm and cuts on her hand.
Robin's sister, Tammy Brumfield, testified that she witnessed Sandra and Robin pulling each other's hair through the open window on the driver's side of the van. She watched as Stephen leaned across the front seat of the van and grabbed Robin's hair. Concerned for Robin's well being, Tammy ran to the passenger's side of the van, reached in and grabbed Stephen by his hair and shirt collar to pull him off of Robin. Angered, Stephen pushed Tammy against a vehicle parked next to the van, causing her to lose her balance and fall to the ground. Stephen then walked to the driver's side of the van and grabbed Robin from behind. Tammy noticed that Stephen placed Robin in a headlock and was dragging her backwards while beating her in the face with the cast on his broken hand. Sandra left the van and began kicking Robin. Frightened for Robin's safety, Tammy called out to her husband. Tammy's husband emerged from the residence and pulled Stephen off of Robin. Tammy observed no injuries to Sandra, but Robin had scratches, was bleeding and developed a black eye the next day.
Tammy's husband, Jerry Justice, testified that he went outside when he heard the sounds of fighting and someone calling for him. He observed Stephen grab Robin by the hair and place her in a headlock as he dragged her toward the rear of the van. When Jerry approached Stephen and Robin, Stephen released Robin from the headlock. Jerry observed that Robin had cuts on her face and hands and bruises on her arms. Later, one of Robin's eyes had blackened. Jerry did not observe any injuries to Sandra.
Stephen testified that Robin initiated the altercation with Sandra. He remembered Robin leaving his side of the van and asking Sandra to roll down her window. After Sandra refused to do so, Robin opened the door and began pulling Sandra's hair. Stephen admitted that he left the van, grabbed Robin's hair and shirt collar, and pulled Robin from Sandra. He contended that the altercation ended once he pulled Robin and Sandra apart. Stephen admitted drinking "a couple of beers" after taking his pain medication.
Sandra's testimony regarding the details of the fight was essentially the same as Stephen's, except she stated that Robin began pulling her hair through the open window of the van. She testified that she remained in the van with the seat belt fastened and the door closed while Robin attacked her. Yet, inexplicably, Sandra admitted hitting Robin in the face with her knee during the struggle.
Deputies from the Butler County Sheriff's department responded to the scene after the physical violence ended and interviewed those present. Both Robin and Sandra were cited for assault. Later, after Robin filed a complaint with the sheriff's office, Stephen was charged with domestic violence.
The trial court heard testimony from the two officers who responded to the scene, in addition to the varied testimony of Robin, Tammy, Jerry, Stephen and Sandra. The trial court also considered testimony taken during a previous civil domestic violence trial from some of the children who were present during the altercation. The trial court adjudicated Robin not guilty of assault, but found Sandra guilty of assault and Stephen guilty of domestic violence. From this decision, appellants have appealed and raise one assignment of error.
 THE TOTALITY OF THE EVIDENCE, VIEWED MOST FAVORABLY TO THE PROSECUTION, WAS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION; NO RATIONAL TRIER OF FACT COULD FIND THE ELEMENTS PROVED BEYOND A REASONABLE DOUBT. THE VERDICT OF GUILTY ON THE CHARGES AGAINST STEVEN [sic] AND SANDRA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In their assignment of error, appellants assert their convictions are against the manifest weight of the evidence presented at trial. In support of their argument, appellants challenge the credibility of the witnesses that testified against them by highlighting inconsistencies and discrepancies in their trial testimony. Appellants urge this court to reconsider the testimony of parties and vacate their convictions on the basis of the alleged discrepancies in testimony.
A reviewing court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v.Eskridge (1988) 38 Ohio St.3d 56, 59; City of Middletown v. Ramsey
(Sept. 19, 1988), Butler App. No. CA87-11-149, unreported. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997) 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
The trial court convicted Stephen of domestic violence in violation of R.C. 2919.25(A), which states that "no person shall knowingly cause or attempt to cause physical harm to a family or household member." Family or household member includes a former spouse. R.C. 2919.25(E)(1)(a).
The trial court adjudicated Sandra guilty of assault in violation of R.C. R.C. 2903.13. R.C. 3903.13(A) provides that no person shall "knowingly cause or attempt to cause physical harm to another * * *."
R.C. 2901.01(A)(3) defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." (Emphasis added.) A person acts knowingly when "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).
It is uncontroverted in this case that there was a fight between Robin and Sandra, and that Stephen was involved in the fight. It is also uncontroverted that Robin received a black eye, cuts, scratches and bruises as a result of the altercation. Appellants do not dispute these facts and candidly admit that "[a]s to culpability, it depends on whose story you believe * * *." It is the trial court's role to assess the credibility of witnesses, and the trial court found Stephen and Sandra to be less credible. The evidence in the record supports the decision of the trial court and we cannot say that the trial court lost its way or created a manifest injustice.
We also note that appellants' assignment of error commingles the concepts of weight of the evidence and sufficiency of evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are not synonymous. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. The terms are both quantitatively and qualitatively different. Id. at paragraph two of the syllabus. "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in trial to support one side of the issue rather than the other." Id. at 387 (emphasis deleted). Sufficiency is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. Id. at 386.
Appellants' arguments and supporting legal authorities do not address sufficiency of evidence. According to App.R. 12(A)(2):
 The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).
See, also, State v. Watson (1998), 126 Ohio App.3d 316, 321. App.R. 16(A)(7) requires an appellants' brief to contain the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. Appellants' brief fails to meet these requirements with regard to sufficiency of evidence.
Therefore, we will not do an exhaustive analysis with regard to that part of appellant's assignment of error that mentions sufficiency of evidence. Appellants' references to sufficiency appear to be the result of imprecision rather than the desire to raise a specific legal argument. However, we do note that the evidence in this case is legally sufficient to sustain appellants' convictions.
Based on the foregoing and a thorough review of the record, we find that the trier of fact neither lost its way nor created a manifest miscarriage of justice by finding Stephen guilty of domestic violence and Sandra guilty of assault. Appellants' convictions are not against the manifest weight of the evidence. The assignment of error is overruled.
 ______________________________ POWELL, P.J.
WALSH and VALEN, JJ., concur.
[1] Since several of the individuals involved in this case share the same last name, we will address the parties by their first names for purposes of clarity.