JOURNAL ENTRY AND OPINION
Defendant-appellant, A.C. Bates, appeals the judgment of the Cuyahoga County Common Pleas Court convicting him of grand theft of a motor vehicle. For the reasons that follow, we affirm.
A review of the record reveals that appellant was in the business of buying and selling junk cars and, in the course of his business, approached one Patricia Kent to inquire about several old cars located on or near her property. No agreement was reached giving appellant authority to remove any of these vehicles. Ms. Kent testified that, nonetheless, a three-wheeled 1985 blue Dodge supported by a jack stand and titled in the name of her recently deceased brother, was gone the very next day.
Ms. Kent contacted appellant, who initially denied taking the car but did offer to pay for the vehicle. Later he apologized for taking the car, returned the jack stand that had been supporting it, and again offered to pay for the car. When the offer was refused, appellant stated that he would return the car later that day but never did.[1] It was eventually learned that the car had been crushed. Thereupon, Ms. Kent reported the incident to the police and appellant was eventually charged with grand theft of a motor vehicle in violation of R.C. 2913.02.
After a bench trial, appellant was found guilty as charged and sentenced to a two-year term of community control and 90 days in the county jail. In addition to conditioning the community control sanction on paying restitution and performing community service, the trial court further conditioned the sanction by ordering appellant not to be in the junking business.
Appellant now appeals and assigns three errors for our review. In his first assignment of error, appellant complains that the trial court abused its discretion in ordering him to refrain from engaging in the junking business.
In sentencing a felony offender, the trial court may impose a sentence that consists of one or more community control sanctions as authorized by R.C. 2929.16 [residential sanctions], R.C. 2929.17 [nonresidential sanctions] or R.C. 2929.18 [financial sanctions]. R.C. 2929.15(A)(1). Moreover, the court may impose any other conditions of release under a community control sanction that the court considers appropriate. Id.
While the court has discretion in determining whether additional conditions are appropriate, its discretion is not limitless. Chagrin Falls v. Wallace (Mar. 2, 2000), Cuyahoga App. No. 75640, unreported. A trial court needs to consider whether the condition (1) is reasonably related to rehabilitating the offender; (2) has some relationship to the crime of which the offender was convicted; and (3) relates to conduct that is criminal or reasonably related to future criminality. See State v. Jones (1990), 49 Ohio St.3d 51, 52-53; see, also, State v. Semenchuk (Aug. 10, 2000), Cuyahoga App. No. 76647, unreported; cf. State v. Sturgeon (Sept. 22, 2000), Hamilton App. No. C-000015, unreported; but, see, State v. Bias (Dec. 11, 1998), Hamilton App. No. C-980165, unreported.
In this case, the facts supporting appellant's conviction arise from his work in the junking business. As such, prohibiting appellant from continuing in this business as a condition of his community control sanction is reasonably related not only to his rehabilitation but is also is related to the crime for which he was convicted. Moreover, the record supports that appellant had purchased some cars in the past and had been convicted for motor vehicle theft. Requiring appellant to refrain from operating this type of business during the sanction period, therefore, serves the purpose of deterring future criminal conduct.
Consequently, the trial court did not abuse its discretion in prohibiting appellant from working in the junking business as a condition of his community control sanction. Accordingly, appellant's first assignment of error is not well taken and is overruled.
In his second assignment of error, appellant contends that he was denied the effective assistance of counsel when the latter failed to object to numerous instances of inadmissible hearsay.
In order to establish a claim of ineffective assistance of counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984),466 U.S. 668, 687; see, also, State v. Bradley (1989), 42 Ohio St.3d 136,142-143.
The Strickland court ruled that judicial scrutiny of an attorney's work must be highly deferential. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' Strickland, 466 U.S. at 689. Moreover, counsel's failure to object to error is not enough to sustain a claim of ineffective assistance of counsel. State v. Fears (1999),86 Ohio St.3d 329, 347, citing State v. Holloway (1988), 38 Ohio St.3d 239. Such trial strategy, even if questionable, does not compel a finding of ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49.
Moreover, it must be established that any alleged error was professionally unreasonable under all the circumstances of the case and that the defendant was prejudiced thereby. Succinctly, it must be shown that but for the unreasonable error there is a reasonable probability that the results would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies. Id. at 694.
Here, appellant argues that Ms. Kent's testimony was largely comprised of hearsay statements and that appellant's trial counsel failed to make any objection depriving him of a fair trial. For the most part, appellant merely makes reference to several pages of transcript without offering any argument to support this assigned error.[2] What appellant does argue is that trial counsel failed to object to Ms. Kent's testimony wherein she relayed statements made by an unidentified person during a three-way telephone conversation involving Ms. Kent, appellant and this unidentified person. Ms. Kent testified that this unidentified person told her that the car was gone. According to Ms. Kent, appellant later informed her that the car had been crushed.
Hearsay is defined as a statement, other than one made by the person testifying, offered into evidence to prove the truth of the matter asserted. Evid.R. 801(C). The statement attributed to the unidentified person as testified to by Ms. Kent concerning the whereabouts of the blue Dodge merely proves that the car was no longer in that person's possession. Contrary to appellant's argument, this statement cannot be considered prejudicial as it had no effect on the proof necessary to sustain appellant's conviction for grand theft of a motor vehicle. Consequently, trial counsel's failure to object to this testimony did not affect the outcome of the trial and, therefore, cannot serve as a basis for claiming that trial counsel was ineffective.
Accordingly, appellant's second assignment of error is not well taken and is overruled.
In his third assignment of error, appellant claims that there was insufficient evidence to support his conviction.
An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, 231.
Appellant argues that there is insufficient evidence to support appellant's conviction because there was no witness that saw appellant take the car. Nonetheless, credible evidence supports that appellant obtained and exerted control over the blue Dodge without the consent of Ms. Kent. When contacted by Ms. Kent about the absence of the vehicle, appellant apologized, offered to compensate her and attempted without success to return the vehicle to her possession. He even returned the jack stand previously supporting the vehicle. Appellant's conduct belies his assertions that he was not responsible for taking the vehicle. Consequently, it cannot be said that there was insufficient evidence to support appellant's conviction.
Appellant also challenges his conviction as being against the manifest weight of the evidence. A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. Thompkins, 78 Ohio St.3d at 387. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
Here, it cannot be said the trial court lost its way in reaching its decision to convict appellant of grand theft of a motor vehicle. Appellant's version of the facts differs greatly from the facts as testified by Ms. Kent. Appellant claims that he did not take the blue Dodge and only offered to compensate her to avoid further conflict. He also denied returning the jack stand to Ms. Kent. The trial court is in the best position to observe the witnesses and to determine issues of credibility. Finding Ms. Kent credible and appellant less so, it cannot be said that the trial court lost its way in resolving the conflicting testimony in the manner in which it did and accordingly convicting appellant of grand theft of a motor vehicle.
Consequently, appellant's third assignment of error is not well taken and is overruled.
 10
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J., CONCUR.
 _________________________________ JOHN T. PATTON, PRESIDING JUDGE
[1] Ms. Kent testified that she did not wish to part with the vehicle because it had sentimental value.
[2] This court is not required to search the record for evidence to support an assignment of error. State v. Watson (1998),126 Ohio App.3d 316, 321. We have, nonetheless, reviewed the referenced pages and find that the statements to which it is presumed that appellant objects are those wherein Ms. Kent testifies as to statements made to her by appellant. Such statements are not hearsay. See Evid.R. 801(D)(2); see, also, Davis v. Sun Refining and Marketing (1996), 109 Ohio App.3d 42,53.