The STATE of Ohio, Appellee,

v.

WATSON, Appellant.

[Cite as *State v. Watson* (1998), 126 Ohio App.3d 316.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA97–07–145.

Decided Feb. 17, 1998.

318

*John F. Holcomb,* Butler County Prosecuting Attorney, *Robert N. Piper III* and *Daniel G. Eichel,* Assistant Prosecuting Attorneys, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Kevin L. Fahey* and *Thomas R. Wetterer,* Assistant Public Defenders, for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Kevin Watson, appeals a decision by the Butler County Court of Common Pleas on June 25, 1997, which dismissed his petition for postconviction relief. We affirm.

We have previously detailed the facts of appellant's case as follows:

"On the evening of June 3, 1987, Eli Mast and Krista Toney were checking lottery receipts at Mast's New and Used Furniture Store located at 427 South Second Street in Hamilton, Ohio. Two juveniles, Marlon Moon, age fifteen, and Willie Prater, age sixteen, were in the rear of the store playing video games. At approximately 7:30 p.m., a black man entered the store carrying a gym bag and a twelve-gauge shotgun. The man ordered Mast to lie face down on the floor. He then threw the gym bag at Toney and told her to fill it with money. Moon and Prater ran into a back room, apparently unnoticed by the assailant. As Toney filled the gym bag with money, the assailant placed the shotgun at the back of Mast's head and fired once, killing Mast instantly. He then pointed the gun at Toney and threatened to kill her before running out of the store." *State v. Watson* (Mar. 31, 1989), Butler App. No. CA88–02–014, unreported, at 1–2, 1989 WL 30739.

Moon, Prater, and Toney all positively identified appellant as the man they saw in the store in statements made both before and during the trial. *Id.* at 6. Toney recognized that appellant was the assailant because appellant had stayed

at her house the previous night with her stepbrother Rodney Henderson. *Id.* at 7.

On October 31, 1987, appellant was adjudged guilty by a jury in the Butler County Court of Common Pleas of one count of aggravated murder in violation of R.C. 2903.01(B), with the specification that the offense was committed by appellant, acting as the principal offender, while he was committing or attempting to commit aggravated robbery, R.C. 2911.01(A)(1), and with the specification that appellant had a firearm on or about his person or under his control while committing the offense. R.C. 2941.141. Appellant was also convicted of aggravated robbery in violation of R.C. 2911.01(A)(1), with the specification that he had a firearm on or about his person or under his control while committing the offense. R.C. 2941.141. See *State v. Watson* (Mar. 31, 1989), Butler App. No. CA88–02–014, unreported. The jury recommended that appellant be sentenced to death, the trial court accepted the recommendation, and on November 12, 1987, sentenced appellant to death. *Id.* at 4.

Appellant presented seven assignments of error to this court in his direct appeal. We overruled all seven assignments of error and affirmed the trial court's judgment. *Id.* Appellant appealed his case to the Ohio Supreme Court, which found that a death sentence was an inappropriate penalty, and remanded the cause to the trial court for the imposition of a life sentence. *State v. Watson* (1991), 61 Ohio St.3d 1, 572 N.E.2d 97. On remand, the trial court imposed a sentence of life imprisonment with eligibility for parole after thirty years for the aggravated murder conviction, to be served consecutively with the terms of incarceration imposed for the aggravated robbery conviction and the firearm specification. *State v. Watson* (1992), 76 Ohio App.3d 258, 260, 601 N.E.2d 230, 232. Appellant appealed the trial court's sentence to this court, and we affirmed the judgment of the trial court. *Id.* A motion for leave to appeal to the Supreme Court of Ohio was overruled in *State v. Watson* (1992), 65 Ohio St.3d 1421, 598 N.E.2d 1172.

On September 16, 1996, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 and requested an evidentiary hearing. Appellant presented three causes of action and argued that the judgments against him were void or voidable because (1) he did not receive effective assistance of counsel, (2) the prosecution suppressed evidence favorable to him, and (3) it is unconstitutional to sentence an innocent man to prison for life. The trial court held that the first two causes of action should be dismissed without an evidentiary hearing because there was no reasonable probability that the result of the trial would have been different, and held that the third cause of action failed "to constitute sufficient operative facts to support a claim for postconviction relief on constitu-

tional grounds." Appellant appeals this decision and presents five assignments of error.

Assignment of Error No. 1:

"The trial court erred in applying *res judicata* to two of appellant's causes of action in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution."

 Appellant claims that *res judicata* cannot be applied to bar his cause of action because it is supported by evidence outside the record. However in appellant's brief, he fails to discuss the evidence, fails to detail why this evidence could not have been presented at appellant's trial, fails to explain how this evidence would have affected the outcome of the trial, fails to state how the trial court's actions denied appellant's right to due process, and further fails to detail why the evidence raised sufficient questions of fact to entitle him to an evidentiary hearing.

Although appellant cites case law to support his conclusion that *res judicata* should not be applied to deny a postconviction petition supported by evidence outside the record, appellant fails to apply the case law to the facts of this case and instead uses only conclusory statements to support his assignment of error. According to App.R. 12(A)(2):

"The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

App.R. 16(A)(7) states that appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

 An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392–393. It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. *State v. McGuire* (Apr. 15, 1996), Preble App. No. CA95–01–001, unreported, at 40, 1996 WL 174609, affirmed (1997), 80 Ohio St.3d 390, 686 N.E.2d 1112. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *Id.,* following *State v. Lorraine* (Feb. 23, 1996), Trumbull App. No. 95–T–5196, unreported, at 9, 1996 WL 207676.

Accordingly, we find that appellant has failed to comply with App.R. 16(A) because he fails to present "reasons in support of the contentions" and for his "lack of briefing" on his assignment of error. Appellant's first assignment of error is overruled based upon App.R. 12(A)(2).

Assignment of Error No. 2:

"In evaluating the *Brady* material, the trial court erred in requiring appellant to show a reasonable probability of a different outcome had the material been turned over at trial, in violation of the Fourteenth Amendment to the United States Constitution."

Appellant claims that the trial court erred in following the existing standard concerning review of the prosecution's obligation to turn over exculpatory evidence to defense counsel, which is outlined in *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–1197, 10 L.Ed.2d 215, 218–219. The trial court stated in its opinion:

"Under *Brady*, the prosecution's duty is to provide the accused with 'material' evidence, see *United States v. Agurs* (1976), 427 U.S. 97, 106 [96 S.Ct. 2392, 2398–2399, 49 L.Ed.2d 342, 351]. Evidence is deemed 'material' only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different; a 'reasonable probability' is a probability sufficient to undermine confidence in the outcome. *United States v. Bagley* [(1985)], 473 U.S. [667] at 682 [105 S.Ct. 3375 at 3383–3384, 87 L.Ed.2d 481 at 494]."

Appellant urges us to adopt the following different standard:

"Once a petitioner has demonstrated that the state had exculpatory evidence in its hands at the time of trial which it failed to turn over to defense counsel, the burden should shift to the State to show that its misbehavior did not result in prejudice to the defendant. And the standard the State should have to meet should be the highest one possible: proof 'beyond a reasonable doubt that the withheld evidence would not have affected the outcome of the trial.' "

Although appellant urges us to adopt a standard different from the one used in *Brady* and *Bagley,* we are bound by the decisions of the United States Supreme Court. The United States Supreme Court has stated that "[t]he [United States] Constitution has imposed upon this Court final authority to determine the meaning and application of those words of that instrument which require interpretation to resolve judicial issues." *Pennekamp v. Florida* (1946), 328 U.S. 331, 335, 66 S.Ct. 1029, 1031, 90 L.Ed. 1295, 1297.

Accordingly, we find that the trial did not err in requiring appellant to show a reasonable probability of a different outcome had the material been turned over at trial. Appellant's second assignment of error is overruled.

Assignment of Error No. 3:

"The trial court erred in dismissing Mr. Watson's claim of actual innocence, in violation of the Eight and Fourteenth Amendments to the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution."

■ Appellant contends that a claim of actual innocence is cognizable under the United States and Ohio Constitutions. Appellant argues that it is unconstitutional to keep him in prison because he is "in prison for a crime he did not commit." We do not find appellant's arguments persuasive.

Appellant filed a "Petition to Vacate or Set Aside Judgment and/or Sentence" pursuant to the postconviction relief statute R.C. 2953.21. In order to obtain postconviction relief, appellant must claim that "there was such a denial or infringement of his right as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). Appellant's claimed constitutional violation is that he is in prison for a crime he did not commit, which would violate the Cruel and Unusual Punishment Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

In *Herrera v. Collins* (1993), 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203, the United States Supreme Court held that "a claim of 'actual innocence' is not itself a constitutional claim." *Id.* at 404, 113 S.Ct. at 862, 122 L.Ed.2d at 219. We have similarly held that a "claim of 'actual innocence' does not constitute a substantive ground for postconviction relief." *State v. Loza* (Oct. 13, 1997), Butler App. No. CA96–10–214, unreported, at 20, 1997 WL 634348. See, also, *State v. Weaver* (Dec. 31, 1997), Lorain App. No. 97CA006686, unreported, at 11–12, 1997 WL 823965; *State v. Campbell* (Jan. 8, 1997), Hamilton App. No. C–950746, unreported, at 13, 1997 WL 5182, appeal dismissed (1997), 78 Ohio St.3d 1491, 678 N.E.2d 1228.

Since the United States Supreme Court has not recognized actual innocence as a constitutional right, we also refuse to judicially create such a constitutional right. The trial court did not err in dismissing appellant's claim of actual innocence because his claim fails to raise "a denial or infringement of [appellant's] rights under the Ohio Constitution or the Constitution of the United States" as required by R.C. 2953.21. Appellant's third assignment of error is overruled.

Assignment of Error No. 4:

"The trial court erred when it denied Mr. Watson a post–conviction evidentiary hearing, thus violating his right to due process under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution."

Appellant argues that the trial court erred in denying him a postconviction evidentiary hearing because his motion alleged facts that could not have been determined from the record. Appellant also claims that he has a statutory right to a hearing based upon the sufficiency of his supporting evidence, and that he also has a liberty interest under the Due Process Clause of the Fourteenth Amendment in that statutory procedure.

An evidentiary hearing is not automatically required for every petition seeking postconviction relief. *State v. Scott* (Oct. 13, 1997), Butler App. Nos. CA96–12–254 and CA97–04–086, unreported, at 4, 1997 WL 632875, following *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 18 O.O.3d 348, 350, 413 N.E.2d 819, 822. In reviewing an appeal of postconviction relief proceedings, this court must apply an abuse of discretion standard in determining whether the trial court erred in denying the petitioner's motion for postconviction relief without a hearing. *State v. Allen* (Sept. 23, 1994), Lake App. No. 93–L–123, unreported, at 3, 1994 WL 590342. Abuse of discretion is more than an error of law or judgment because "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In order to obtain an evidentiary hearing on a motion for postconviction relief, the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. *Jackson*, 64 Ohio St.2d at 110, 18 O.O.3d at 350, 413 N.E.2d at 822. A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of *res judicata*. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233, 235, following *Perry, supra*.

An exception to the *res judicata* bar is when the petitioner presents competent, relevant, and material evidence outside the record that was not in

existence and available to the petitioner in time to support the direct appeal. *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362, 367–368. The evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights. *State v. Sopjack* (Aug. 22, 1997), Geauga App. No. 96–G–2004, unreported, at 10, 1997 WL 585904. The petitioner may not simply attach as exhibits "evidence which is only marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery." *Id.* at 22, quoting *State v. Coleman* (Mar. 17, 1993), Hamilton App. No. C–900811, unreported, at 22, 1993 WL 74756.

▮▮▮ A review of the thirteen-page opinion by the trial court shows that the trial court was thorough in its analysis and did not abuse its discretion. The trial court addressed each of appellant's claims in his postconviction relief petition and found that the petition should be dismissed pursuant to R.C. 2953.21(C). R.C. 2953.21(C) states that before granting a hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." The trial court did not find substantive operative facts to support a claim for postconviction relief on constitutional grounds and held that there was no reasonable probability that the trial result would have been different. We find that the record supports the trial court's conclusion.

Accordingly, we find that the trial court did not err in denying appellant a postconviction evidentiary hearing. Appellant's fourth assignment of error is overruled.

Assignment of Error No. 5:

"The trial court—in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution—erred in ruling that Mr. Watson had failed to demonstrate a reasonable probability of a different outcome had the evidence supporting his first and second causes of action been disclosed to defense counsel and used at trial."

Appellant claims that he presented sufficient evidence outside the record to show that there was a reasonable probability of a different outcome at his trial. A summation of appellant's arguments in his first and second causes of action is that appellant's constitutional rights were violated because the evidence he presented outside the record shows that he is innocent.

▮▮▮ Appellant presented twelve exhibits to the trial court to support his contention that the exhibits, which were outside the record, demonstrate that he is "actually innocent."[1] Appellant specifically argues in his brief that statements

---

1. The following is a listing of the exhibits offered by appellant in support of his motion for postconviction relief:

given by Moon and Prater in exhibits D and E, contradicted their trial testimonies concerning their description of appellant. Appellant also argues that Toney's description of appellant in exhibits B and C contradicted statements by Rodney Henderson in exhibit A. Appellant further contends that Singletary's statement in exhibit H shows that Henderson was the person who murdered Mast.

Appellant, however, fails to mention in his brief the reasons why exhibits A through E and H were not introduced as evidence at appellant's trial. A review of the transcript of the hearing on motions held on September 29, 1987, shows that appellant's counsel made a "motion for disclosure of the prosecuting witnesse[s'] written or recorded statements." Appellant's trial counsel argued that they needed the written statements of the prosecution's witnesses to see whether the witnesses made inconsistent statements. The trial court overruled appellant's motion for the disclosure of the written or recorded statements.

Appellant appealed the trial court's decision denying his motion for "disclosure of the prosecuting witnesses' written or recorded statements" to this court in his second assignment of error, which we overruled. See *State v. Watson* (Mar. 31, 1989), Butler App. No. CA88–02–014, unreported, at 5, 1989 WL 30739. *Res judicata* prohibits this court from considering issues reviewed on direct appeal in a postconviction relief action. *State v. Apanovitch* (1991), 70 Ohio App.3d 758, 762, 591 N.E.2d 1374, 1376–1377. Therefore, appellant is precluded by *res judicata* from arguing that his postconviction petition should be granted based upon statements that were previously ruled nondiscoverable.

---

Exhibit A: Statement made by Rodney Henderson on June 4, 1987 to Hamilton police.

Exhibit B: Statement made by Krista Toney on June 3, 1987 to Hamilton police.

Exhibit C: Sketch artist rendition of the suspect taken from recollections of Toney. Sketch shows suspect wearing a baseball cap.

Exhibit D: Statement made by Marlon Moon on June 3, 1987 to Hamilton police.

Exhibit E: Statement made by Willie Prater on June 3, 1987 to Hamilton police.

Exhibit F: Rodney Henderson's signed consent to allow a search of his car, dated June 4, 1987.

Exhibit G: Statement made by Donald Cook on June 4, 1987 to Hamilton police.

Exhibit H: Statement made by Eugene Singletary Jr. on June 4, 1987 to Hamilton police.

Exhibit I: Affidavit of Lavelle Hamilton taken on November 18, 1992.

Exhibit J: Affidavit of Larry Smith taken on June 11, 1991. Smith claimed that Henderson told him while they were serving together at Madison Correctional Institute that Henderson committed the murder.

Exhibit K: Affidavit of Jane Perry taken on August 26, 1996. Perry claims that exhibits A–H were not in the trial attorney files while she worked on appellant's case as an attorney. Perry also claims that she obtained exhibits A–H from the state's files of the case.

Exhibit M: Affidavit of Michael Shanks taken on August 28, 1996. Shanks states that exhibits A–H were not turned over to him while he was preparing for and trying appellant's case. Shanks was one of appellant's counsel at his original trial.

Further, a review of the exhibits that appellant submitted in his motion for postconviction relief shows that even if appellant's counsel were ineffective by not discovering the documents, and/or the state failed to turn over the documents when they were required to do so, the results of the proceeding would not have been different. For example, in exhibits B and C, Toney described appellant wearing a baseball cap while Henderson stated in exhibit A that appellant left his baseball cap in the car when he dropped him off at the furniture store. Appellant claims that impeaching Toney was vitally important to appellant's defense and that counsel failed to exploit "an obvious contradiction in the accounts of the crime" given by Toney and Henderson that could "have helped to acquit [appellant]."

The flaw in this argument is that Henderson's complete statement was that "[h]e left his baseball cap in the car with me while he did the robbery." It is not logical to argue that Henderson's statement impeaches Toney's credibility and proves that appellant did not commit the robbery, when Henderson states in the same sentence that appellant committed the robbery. While appellant claims that the exhibits help prove that he was innocent, they instead appear to reinforce the state's case against appellant.

Appellant also claims that this is a case where the evidence of guilt was so close that the Ohio Supreme Court itself had residual doubts. While the Ohio Supreme Court found that the death sentence was an inappropriate penalty in this case, the court also held that "[t]he aggravating circumstance in this case, proved beyond a reasonable doubt, is that [appellant] was the principal offender of the aggravated murder of Eli Mast while committing aggravated robbery." *State v. Watson*, 61 Ohio St.3d at 17, 572 N.E.2d at 110.

The trial court stated that "[r]eview of the matters set forth in the petition, cumulatively and in light of the entire record, leads this Court to conclude that there is no reasonable probability that the result of the trial would have been different had the evidence unfolded at trial as now outlined by defendant." After reviewing the record and appellant's arguments, we concur with the trial court's conclusion. Appellant has failed to demonstrate a reasonable probability of a different outcome if the exhibits had been presented during his trial. Appellant's fifth assignment of error is overruled.

*Judgment affirmed.*

WALSH and POWELL, JJ., concur.