DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Henry O. Ivery has appealed from a judgment of the Summit County Court of Common Pleas that granted plaintiff Cynthia Ivery's motion for relief from judgment, modified his child support obligation and ordered him to pay Ms. Ivery's attorney fees. This Court affirms.
Mr. Ivery has asserted three assignments of error. This Court, however, declines to address his assignments of error because his brief fails to conform with the Ohio Rules of Appellate Procedure and the Local Rules of the Ninth District Court of Appeals. "This court may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules." AdvertisingTapes, Inc. v. Misquitta (Apr. 15, 1998), Summit App. No. 18631, unreported, 1998 Ohio App. LEXIS 1549, at *2, quoting Akron v.Adams (Oct. 29, 1997), Summit App. No. 18389, unreported, 1997 Ohio App. LEXIS 4760, at *3.
An appellant's brief is required to contain a statement of facts relevant to the assignments of error "with appropriate references to the record" as well as a section devoted to argument and law, "with citations to the authorities, statutes, and parts of the record on which the appellant relies." App.R. 16(A)(6) and (7). Mr. Ivery's brief is devoid of references to the record. Mr. Ivery has also failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignments of error as required by App.R. 16(A)(6) and (7) and Loc.R. 7(A)(6).[1] Further, Mr. Ivery has failed to attach to his brief a copy of the judgment entry from which he is appealing as required by Loc.R. 7(A)(8)(a). In summary, Mr. Ivery's brief consists solely of unsupported allegations and conjecture.
As the appellant, Mr. Ivery had the burden of affirmatively demonstrating error on appeal. Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, 1997 Ohio App. LEXIS 4428, at *5; Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, 1998 Ohio App. LEXIS 4326, at *2. It is not the duty of this Court to search the record for evidence to support an appellant's argument of an alleged error.State v. Watson (1998), 126 Ohio App.3d 316, 321; Frecska, supra
at *4. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." Watson,126 Ohio App. 3d at 321, quoting State v. McGuire (Apr. 15, 1996), Preble App. No. CA95-01-001, unreported, 1996 Ohio App. LEXIS 1492, at *41-42. Mr. Ivery's unsubstantiated assertions cannot be considered on appeal as sufficient to carry his burden of proving that the trial court abused its discretion. Frecska, supra at *4; see, also, Webb v. Jones (Aug. 24, 1994), Union App. No. 14-94-12, unreported, 1994 Ohio App. LEXIS 3768, at *7.
Pursuant to App.R. 12(A)(2), this Court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief as required under App.R. 16(A)." Misquitta, supra
at *2; Accordingly, this Court has no choice but to affirm the order of the trial court. Angle, supra at *2. Mr. Ivery's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT
BATCHELDER, J. CONCURS
[1] In his entire brief, Mr. Ivery mentions, in passing, two sections of the Ohio Revised Code, however, he fails to argue how those sections support his assignments of error.