DECISION
Ronald Courts, defendant-appellant, appeals a decision of the Franklin County Municipal Court finding him guilty of criminal mischief, a violation of R.C. 2909.07.
On October 29, 1999, Cherie Joiner filed a complaint against appellant in the trial court. In her complaint, Joiner stated she believed appellant "would cause serious physical harm" to her because he threatened to "blow [her] head off." Based upon the complaint, appellant was charged with one count of aggravated menacing, a violation of R.C. 2903.21. Joiner filed a second complaint, alleging that she believed appellant "would cause imminent physical harm" to her family "by threatening to blow said family member's head off." Based upon this second complaint, appellant was charged with one count of domestic violence, a violation of R.C. 2919.25(C).
On August 8, 2000, a hearing was held before the trial court. At the hearing, the State of Ohio, plaintiff-appellee, moved to amend appellant's complaint, amending the aggravated menacing charge to a criminal mischief charge, and dismissing the domestic violence charge "as a term of the plea negotiation in this case." During the hearing, appellant pled no contest to the criminal mischief charge. The court found appellant guilty of criminal mischief and sentenced him to serve sixty days in a workhouse. Since the court found appellant had already served twenty-two days in jail, the remaining thirty-eight days of his sentence were suspended, conditioned upon appellant not having any criminal convictions for one year and agreeing to "stay away from Cherie Joiner." Appellant appeals his conviction and presents the following assignment of error:
 THE RESPONDENT, RONALD COURTS, SHALL DENY THE TESTIMONY AND ALLEGATION OF CRIMINAL MISCHIEF MADE AGAINST HIM WHEN IT DETERMINES MALICIOUS PROSECUTION BY THE PLAINTIFF, AS THERE EXISTS A PRIMARY CRIMINAL COMPLAINT FILED AGAINST PLAINTIFF BEFOREHAND.
App.R. 12(A) states that on an undismissed appeal from a trial court, a court of appeals shall do all of the following:
 (a) Review and affirm, modify, or reverse the judgment or final order appealed;
 (b) Determine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21;
 (c) Unless an assignment of error is made moot by a ruling on another assignment of error, decide each assignment of error and give reasons in writing for its decision.
App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
In the present case, a review of appellant's assignment of error shows that appellant has failed to identify the error on which his assignment of error is based. A review of the record also does not provide any evidence to support the arguments appellant presents in his assignment of error. Instead, the arguments appellant presents are actually a listing of domestic problems he and Joiner had and are not a part of the record and do not appear to be relevant to his criminal conviction. "It is fundamental that appellate review is limited to the record as it existed at the time of judgment." Associated Estates Realty Corp. v. Roselle
(June 22, 1999), Franklin App. No. 98AP-1133, unreported. It would be improper for a court to decide issues on appeal based upon factual allegations that a party presents for the first time in his appellate brief. State v. Williams (Apr. 29, 1999), Franklin App. No. 98AP-975, unreported.
Additionally, App.R. 16(A)(7) requires an appellant to provide an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes and parts of the record on which appellant relies." A review of appellant's brief shows that he does not provide any compelling reasons why his conviction should be overturned but, instead, relies upon such nebulous statements as "Courts is asking that the appeal and record reflect that Joiner manipulated the judicial system by filing malicious prosecution against Courts, after learning of a criminal complaint filed against her." "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." State v.Watson (1998), 126 Ohio App.3d 316, 321.
Accordingly, we disregard appellant's assignment of error for failure to identify in the record the error on which his assignment of error is based pursuant to App.R. 12(A)(2). In addition, appellant has failed to provide an argument with reasons to support his contentions pursuant to App.R. 16(A)(7). Therefore, the judgment of the Franklin County Municipal Court is hereby affirmed.
 ________ BROWN, J.
TYACK and LAZARUS, JJ., concur.