DECISION AND JUDGMENT ENTRY
Appellant, Brian E. Turner appeals the order of the Scioto County Court of Common Pleas that denied his petition for post-conviction relief. He raises the following assignments of error:
ASSIGNMENT OF ERROR I
 DEFENDANT WAS DENIED A FAIR TRIAL AND PROPER SENTENCE AND DUE PROCESS AND EQUAL PROTECTION OF LAW WHEN TRIAL COUNSEL INEFFECTIVE (SIC) BY PREVENTING DEFENDANT FROM ENTER-A (SIC) KNOWINGLY AND VOLUNTARY PLEA.
 ASSIGNMENT OF ERROR II
 DEFENDANT WAS DENIED HIS CONSTITUTIONAL 14TH AMENDMENT RIGHT AND EQUAL PROTECTION CLAUSE OF THE LAW, (SIC) WHERE HE WAS DENIED A PSYCHIATRIC EXAMINATION FOR A NOT GUILTY PLEA BY REASON OF INSANITY, AFTER THE COURT HAD ORDERED SUCH AND ONLY GIVEN A FIVE MINUTE COMPETENCY TEST TO STAND TRIAL.
 ASSIGNMENT OF ERROR III
 THE COURT COMMITTED PLAIN ERROR UNDER 52(B) BY ACCEPTING A GUILTY PLEA OF MURDER BASED ON A COMPETENCY EVALUATION WHILE THE DEFENDANT WAS ON PSYCHIATRIC MEDICATIONS ALTERING THE DEFENDANT (SIC) MENTAL STATE.
We reject appellant's arguments and affirm the trial court's denial of his petition for post-conviction relief.
In April, 2000, a grand jury indicted appellant for aggravated murder with a firearm specification and gross abuse of a corpse. The indictment arose from an incident in which the appellant shot his ex-wife in the arm and head and then proceeded to pour gasoline on her body and ignite it. After the trial court appointed counsel for the appellant, he pled not guilty by reason of insanity. The court ordered an examination of the appellant to determine his mental condition at the time of committing the offense.
In May, 2000, the court also ordered an examination of the appellant to determine his competency to stand trial. A psychologist evaluated appellant on both his mental state at the time of the commission of the crime, which related to the insanity plea, and on his then current mental state, which related to his competency to stand trial. The court conducted a competency hearing in June, 2000, and found appellant competent to stand trial. It did not address the issue of appellant's sanity at the time of the crime. Thereafter, the appellant entered a plea of guilty to a reduced charge of murder with a firearm specification. He was sentenced to fifteen (15) years to life for the murder charge and another three (3) year term to be served consecutively for the firearm specification charge.
In February, 2001, appellant filed a petition for post-conviction relief with the court of common pleas, claiming "due process requires the court to establish clearly that the facts match the charges/conviction," e.g. a claim of actual innocence that he was innocent of murder because he acted in a fit of passion, and at best, was guilty of manslaughter. The court denied his petition, stating that the petition did not raise a denial or infringement of his constitutional rights. Appellant filed this appeal.
Appellant argues that the trial court improperly denied his petition to vacate or set aside his sentence. We review a trial court's decision to deny a petition for post-conviction relief without a hearing under a denovo standard of review. See State v. Parks (Nov. 23, 1998), Ross App. No. 98CA2396, unreported and State v. Howard (Aug. 11, 1997), Scioto App. No. 96CA2470, unreported.
R.C. 2953.21 governs petitions for post-conviction relief. The statute provides potential relief from a judgment or sentence for a person convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). In order to prevail, the petitioner must first establish that he has suffered an infringement or deprivation of his constitutional rights. Id. State v. Calhoun (1999), 86 Ohio St.3d 279,283, 714 N.E.2d 905, 910.
Before the trial court can grant a hearing on the petition, the court must determine "whether there are substantive grounds for relief." R.C.2953.21(C). When making this determination, the court must consider the petition along with any supporting affidavits, documentary evidence, and all the files and records of the case. Id. If the trial court finds no substantive grounds for relief, the petition should be dismissed without a hearing. Calhoun, supra, 86 Ohio St.3d at 282-283, 714 N.E.2d at 910;State v. Jackson (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819, 822; R.C. 2953.21(E).
In his petition, appellant states that "[d]ue process requires the court to establish clearly that the facts match the charges/conviction. There was no other crime committed and while in a fit of sudden rage the petitioner took a life and attempted to take his own life after receiving some news from his wife that caused some mental misfocus." From this statement, it appears that appellant is claiming he did not commit the crime he was convicted of, i.e., that he is innocent of murder. However, as previously stated, R.C. 2953.21 is only available for denials or infringements of constitutional rights that render a judgment void or voidable. A claim of "actual innocence" is not a constitutional claim or right that would render a judgment void or voidable; thus it does not establish grounds for a petition for post-conviction relief. Herrera v.Collins (1993), 506 U.S. 390, 404, 113 S.Ct. 853, 862; State v. Watson
(1998), 126 Ohio App.3d 316, 323, 710 N.E.2d 340, 344-345. Actual innocence is normally contested at trial and direct appeal on the basis of the weight or sufficiency of admissible evidence. It does not form the basis for a collateral attack. Since a claim of "actual innocence" is not a constitutional right that is cognizable in post-conviction relief under R.C. 2953.21(A), the court properly denied the petition.
In addition, appellant did not attach any supporting affidavits or other evidentiary materials to his petition for the court to consider. His only claim is his own self-serving statement of the facts. Clearly, appellant's petition does not state substantive grounds for relief as required by R.C. 2953.21(C). Accordingly, a hearing was not necessary.
The trial court did not err in denying appellant's petition for post-conviction relief.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.