DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Darlene Foster ("Foster"), administratrix of the estate of Shawn J. T. Foster ("Shawn"), appeals the decision of the Summit County Court of Common Pleas granting judgment in favor of appellee, the Ruhlin Company ("Ruhlin"). We affirm.
 I.
On September 16, 1999, Foster filed a complaint alleging Ruhlin's negligence proximately caused the death of her husband, Shawn. Foster asserted that Ruhlin, a construction company, negligently maintained and monitored an expressway ramp to I-76 near Martha Avenue. Shawn was in a fatal car accident on this expressway ramp.
A jury trial commenced on March 12, 2001. The jury returned a verdict for Ruhlin with a specific interrogatory finding that Ruhlin was not negligent. On March 22, 2001, the trial court entered judgment in favor of Ruhlin. This appeal followed. The assignments of error will be considered out of order for ease of discussion.
 II. Assignment of Error No. 1: The trial court erred in denying appellant's motion in limine and permitting introduction of evidence of the use of alcohol by decedent shawn foster to argue comparative negligence, there being no reliable evidence to indicate that intoxication was a proximate cause of the accident at issue.
 Assignment of Error No. 2: The trial court erred in denying appellant's motion in limine and permitting introduction into evidence of a partially filled tequila bottle found in the decedent's vehicle after the crash, there being no evidence that any of the occupants of the vehicle had consumed any beverages in the vehicle on the night in question.
 Assignment of Error No. 4: The trial court erred in admitting into evidence the written summary prepared by detective bailey of his recollection of a conversation with witness kevin robinson, where kevin robinson testified he did not recall the specifics of the conversation, had never verified his purported responses, and did not agree with the statements attributed to him by detective bailey.
 Assignment of Error No. 5: The trial court erred in admitting into evidence a tape-recorded conversation between officer lambert and troy robinson, a witness unavailable at trial, where the trial court permitted the reading by appellee of a discovery deposition of troy robinson taken by appellee, in which appellee never questioned troy robinson about the content of said tape recording [sic] thereby precluding any opportunity for cross-examination on that issue by appellant.
 Assignment of Error No. 6: The trial court erred in permitting the expert opinion testimony of appellee's experts Drs. Challener and Ruiz on decedent shawn foster's blood alcohol content, appellee having failed to provide a proper foundation since appellee's expert Dr. Byler was unable to verify the procedure employed for withdrawl, presentation and analysis of the subject blood sample.
Foster's first, second, fourth, fifth and sixth assignments of error are related to the issue of comparative negligence. In her first, second, fourth and sixth assignments of error, Foster argues that the trial court erred in admitting evidence regarding Shawn's alcohol use the night of the accident to support Ruhlin's theory of comparative negligence. In her fifth assignment of error, Foster asserts that the admission of a tape-recorded conversation between a witness and police officer was hearsay evidence and therefore prejudicial.
In the present case, the jury returned an interrogatory finding that Ruhlin was not negligent. Apportionment of negligence based upon comparative fault is triggered only upon a finding of negligence attributable to the defendant; until that point, there is nothing to compare. The jury's determination that Ruhlin was not negligent renders any possible error in the admission of the tape-recording harmless since the jury did not reach the issues of comparative negligence. See Schulzv. Sullivan (1993), 92 Ohio App.3d 205, 211-212; Schaffer v. Donegan
(1990), 66 Ohio App.3d 528, 536.
Further, the jury's interrogatory finding that Ruhlin was not negligent renders Foster's first, second, fourth and sixth assignments of error moot since the jury did not reach the issue of comparative negligence. Foster's first, second, fourth, fifth and sixth assignments of error are overruled.
 III. Assignment of Error No. 3: The trial court erred in refusing to permit testimony and photo exhibits from appellant's expert related to the decedent's point of perception of the hazard which caused his death and photos demonstrating safety measures available to and employed elsewhere by appellees to secure closed ramp barricades.
This court notes that Foster has failed to set forth a single legal authority to support her contentions that the trial court erred in her third assignment of error, nor does she specify where in the record the claimed error or errors are reflected. She has failed to provide citations to authorities to support this assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(7). As the appellant, Foster had the burden of affirmatively demonstrating error on appeal. See Angle v. W.Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Furthermore, it is not the duty of this court to search the record for evidence to support Foster's argument of an alleged error. See State v. Watson (1998), 126 Ohio App.3d 316, 321; Frecska,
Wayne App. No. 96CA0086, unreported, at 3.
Pursuant to App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)." Accordingly, since Foster has failed to set forth any legal error by the trial court in her second and third assignments of error, this court chooses to disregard this assignment of error. Foster's third assignment of error is overruled.
 IV.
Having overruled Foster's six assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J.
BATCHELDER, J. CONCUR