OPINION
{¶ 1} Defendant-appellant, Lori Blaylock, appeals her conviction in the Eaton Municipal Court for assault, a violation of R.C. 2903.13(A). We affirm the conviction.
 {¶ 2} During the late evening hours of May 19, 2001, appellant went to the Whiskey Bar, also known as the Camden bar, on Central Avenue in Camden, Ohio. When she arrived, Rodney Hamilton, a lifelong acquaintance, and his fiancée, Rebecca Carroll, were already there. Carroll was eight months pregnant at the time. The couple had arrived at the bar earlier in the evening after spending some time at the Camden fair. Appellant had been drinking prior to arriving at the Camden bar, and by her own admission, was intoxicated.
 {¶ 3} The state presented evidence that appellant approached Hamilton, who had also been drinking, and asked him if he was "going to have a nigger baby." Appellant then pulled on Hamilton's beard, drawing down his head. Hamilton, however, walked away from appellant and approached the bar with his back toward appellant. Appellant then sat next to Carroll, and began to drink from the unfinished beer that Hamilton had left at the table. When Carroll asked appellant to refrain from drinking the beer, appellant slapped Carroll, knocking her glasses from her face. As Carroll attempted to retrieve her glasses, appellant kneed her in the stomach two times. Hamilton turned in time to witness the altercation.
 {¶ 4} Hamilton and Carroll requested help from the bartender and the other bar patrons; however, no one would phone the police or offer assistance. Instead, the two were asked to leave the bar. They did so, and rather than using one of the two pay phones outside the bar, they returned to the fair where they reported the events to a Camden police officer. Appellant was subsequently arrested and charged with assault. Carroll was transported to McCullough Hyde Hospital in Oxford, Ohio where she was examined for injuries.
 {¶ 5} Appellant testified to a different version of events. According to appellant, upon entering the bar she asked Hamilton if he was going to have "another baby," since he already had six children. Carroll then grabbed appellant's arm, scratching her and tearing her shirt. In an attempt to defend herself, appellant hit Carroll's arm. This blow resulted in Carroll's glasses being knocked from her face. Hamilton then restrained appellant, and Carroll advanced toward her with a knife. In an attempt to protect herself, appellant kicked Carroll. According to appellant, Hamilton and Carroll were then asked to leave the bar, while she herself remained for some time before leaving of her own accord.
 {¶ 6} After a jury trial at which the foregoing testimony was presented, appellant was convicted of assault. She appeals, raising two assignments of error.
Assignment of Error No. 1
 {¶ 7} "THE APPELLANT'S CONVICTION FOR ASSAULT SHOULD BE REVERSED BECAUSE THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 8} Appellant accurately states that, in order to prevail on a claim of ineffective assistance of counsel, she must demonstrate that her trial counsel's performance was deficient and that she was prejudiced by the deficient performance. See State v. Robb, 88 Ohio St.3d 16,2000-Ohio-275. Appellant specifically contends that her trial counsel was ineffective for failing to object to certain leading and hearsay objectionable questions posed by the prosecutor. Appellant further contends that, but for the alleged errors, the outcome of the trial likely would have been different.
 {¶ 9} Appellant makes bold assertions such as, "the conduct of appellant's counsel * * * is clearly deficient," and "the bottom line is that if appellant's trial counsel had objected to these questions then there is a reasonable probability that the result of appellant's trial would have been different." However, appellant has failed to cite to any legal authority in support of her argument that counsel's performance was ineffective.
 {¶ 10} App.R. 16(A)(7) requires that an appellant's brief contain the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. This court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998), 126 Ohio App.3d 316, 321. Because appellant has failed to support her contention with any legal authority, we overrule the first assignment of error.
Assignment of Error No. 2
 {¶ 11} "THE APPELLANT'S CONVICTION FOR ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} When inquiring into the manifest weight of the evidence, a reviewing court sits as the "thirteenth juror and makes an independent review of the record." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. For an appellate court to reverse a judgment on the basis that a verdict is against the manifest weight of the evidence, the court must unanimously disagree with the fact-finder's resolution of any conflicting testimony. Id. at 389. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 13} In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of the fact has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case. Id. A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact. See State v. Jackson, Butler App. No. CA2001-10-239, 2002-Ohio-4705.
 {¶ 14} To support the assault conviction, the state was required to present evidence that appellant knowingly caused, or attempted to cause, physical harm to another person or another person's unborn child. See R.C. 2903.13(A).
 {¶ 15} Notwithstanding appellant's argument to the contrary, there is no indication that the jury "lost its way" in sorting out the conflicts in the testimony presented. The jury heard the testimony of Hamilton and Carroll, who testified that appellant struck Carroll's face and kneed Carroll twice in the stomach. Although conflicting testimony was given by appellant, the jury was in the best position to determine the credibility of the witnesses and testimony. See DeHass at paragraph one of the syllabus.
 {¶ 16} Reviewing the record and weighing the evidence, we do not find that the jury lost its way or committed a manifest miscarriage of justice by finding appellant guilty of assault. The testimony provided substantial evidence upon which the jury could have reasonably found appellant guilty of assault beyond a reasonable doubt. We do not find that the conviction is against the manifest weight of the evidence, and consequently overrule the second assignment of error.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.