JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Sonya Thomas ("defendant") appeals from the judgment of the Cleveland Municipal Court which, after a bench trial, found her guilty of domestic violence. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On January 2, 2002, the Plaintiff-appellee City of Cleveland ("city") filed a one-count criminal complaint against the defendant on domestic violence charges in violation of R.C. 2929.25(A). On January 3, 2002, the trial court granted a temporary protection order against the defendant and set bond at $10,000. At a pre-trial hearing, the trial court amended the defendant's bond to a personal bond, ordered the defendant to have no contact with the victim. The defendant waived her speedy trial rights pursuant to R.C. 2945.73.
 {¶ 3} The case proceeded to a bench trial on February 26, 2002. At trial, the city presented testimony of Officer Jason Greenaway, who responded to the 9-1-1 call that evening. Officer Greenaway testified that when he arrived, he spoke with Josephine Thomas, an elderly female, who appeared a little bit shaken. The officer testified that her arms were shaking quite a bit and she was speaking in a submissive, soft-spoken tone of voice. Officer Greenaway stated Josephine told him that she had called the police because her daughter, the defendant, had pushed her down. She explained to the officer that she had asked her daughter to take out the trash and while she was doing so, she came up behind Josephine and elbowed her, pushing and knocking her onto the bottom sill of the fireplace.
 {¶ 4} Officer Greenaway further testified that he interviewed Josephine's five year old granddaughter, Shawnie, who was upset and crying loudly. The officer stated that she was visibly upset and shaken by the incident. The officer recalled that Shawnie told him that her mother had pushed down her grandmother and called her names. Lastly, Officer Greenaway testified that he spoke with the defendant regarding the incident, who stated that her mother Josephine is senile and fabricated the incident.
 {¶ 5} Josephine Thomas testified at trial that she did not recall precisely how she fell that day. Josephine did admit that she remembered telling the police that the defendant knocked her down. She further admitted that the defendant had pushed her down. Josephine further testified that the defendant had been drinking.
 {¶ 6} The city also presented the testimony of an investigator who followed up with the victim two days after the incident. The investigator testified that Josephine's recall of the events at that time were consistent with what she had told police on the evening of the incident.
 {¶ 7} The defendant testified in her defense that, as she walked past her mother, she had two garbage bags in her hand. She stated that the area was narrow and that as she passed her mother, her mother lost her balance and fell into the fireplace. The defendant testified that the trash bag she was carrying may have brushed into her mother.
 {¶ 8} Thereafter, the trial court found the defendant guilty of domestic violence. It is from this ruling that the defendant now appeals, asserting three assignments of error for our review.
 {¶ 9} "I. The verdict was against the manifest weight of the evidence."
 {¶ 10} "II. There was insufficient evidence to support the verdict."
 {¶ 11} An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson (1998), 126 Ohio App.3d 316, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413. Since the defendant, in contravention of the requirements of App.R. 16(A)(7), presents no legal authority in support of her arguments, this court declines to address them pursuant to App.R. 12(A)(2). City of Oakwood v.Juliano (Dec. 16, 1999), Cuyahoga App. No. 75160.
 {¶ 12} "III. The trial court erred in allowing in the hearsay."
 {¶ 13} In her third assignment of error, the defendant contends that the trial court improperly allowed hearsay. We disagree.
 {¶ 14} Evid.R. 801(C) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter.
 {¶ 15} Out of court statements made by Josephine and her granddaughter were allowed into evidence over defense objection. Officer Greenaway testified that Josephine was visibly upset when the police arrived, and told him that her daughter had pushed her into the fireplace. Further, Officer Greenaway testified that Shawnie stated her mother had pushed her grandmother. In general, such hearsay statements are not admissible. Evid.R. 802. However, pursuant to Evid.R. 803(2), a hearsay statement is admissible as an excited utterance if:
 {¶ 16} "(1) There was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties, and render his statement spontaneous and unreflective, (2) that the statement or declaration was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, (3) that the statement or declaration related to such startling occurrence, and (4) that the declarant had an opportunity to observe personally the matters asserted in his statement." State v.Taylor (1993), 66 Ohio St.3d 295, 300.
 {¶ 17} In State v. Wallace (1988), 37 Ohio St.3d 87, 88, the Ohio Supreme court set forth the rationale behind allowing the admission of excited utterances as follows:
 {¶ 18} "The circumstances surrounding an excited utterance — a startling event, a statement relating to that event, a declarant under the stress of the event — do not allow the declarant a meaningful opportunity to reflect on statements regarding the event. Without opportunity to reflect, the chance that a statement is fabricated, or distorted due to a poor memory, is greatly reduced. This is the rationale for allowing an excited utterance into evidence."
 {¶ 19} The decision of the trial judge, in determining the admissibility of an excited utterance, should be sustained where the decision appears to be reasonable, even where the reviewing court might decide differently. State v. Taylor (1993), 66 Ohio St.3d 295, 305.
 {¶ 20} In this case, the officer testified that both Josephine and her granddaughter were visibly upset when the police arrived. The dispute that had taken place produced a state of nervous excitement in both Josephine, the victim, and her granddaughter, sufficient to result in a spontaneous declaration to the officer responding to the 9-1-1 call. Both Josephine and her granddaughter made the statements regarding the defendant's behavior to the police officer upon arrival at the scene, within minutes after the altercation. Lastly, the statements that Josephine and Shawnie made about the defendant's behavior were directly related to the startling occurrence. Therefore, we find it was not unreasonable for the trial court to find that the out of court statements were admissible into evidence under the excited utterance exception to the hearsay rule. This assignment of error is overruled.
Judgment affirmed.
KENNETH A. ROCCO, P.J., CONCURS.
 DIANE KARPINSKI, J., CONCURS IN JUDGMENT ONLY (SEE ATTACHED CONCURRINGOPINION).