Absent from the majority's recitation of the law relating to postconviction relief is the abuse of discretion standard of review to be employed by this court. State v. Watson (1998), 126 Ohio App.3d 316,324. Had that standard been employed by the majority, I believe it would have dictated an affirmance of the court's decision to deny postconviction relief.
The majority sees fit to consider self-serving statements contained in an affidavit that was not filed with the petition. The majority fails to consider that Speed did not present any statement by trial counsel corroborating Speed's version of events at trial. Nor did Speed assail the particularly convincing aspects of the victim's testimony concerning her memory of the license number of the car Speed used and his physical description, even though they did not know each other before the rape.
When reviewing a decision for an abuse of discretion, an appeals court must be mindful that its disagreement with the court's action is not enough to warrant reversal. Whether other judges might have acted differently under the same circumstances does not show an abuse discretion. Hence, I respectfully dissent.