JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Venis Tisdale (appellant) appeals from the trial court's decision awarding him $150 in damages. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On April 9, 2003, appellant filed a pro se complaint against 2M Properties, Inc. (2M) and Paul Perle (Perle), among other defendants. 2M is the corporation that owned the apartment building where appellant lived, and Perle is the corporation's agent. Appellant's complaint is entitled "lawsuit for money damages money damages [sic], assult [sic], harrassment [sic], defamation of character, etc." On August 16, 2004, appellant submitted an amended complaint, per the court's request, to clarify his claims against the appellees. On December 20, 2004, the court held a bench trial, and on December 23, 2004, awarded appellant $150 against Perle only.
 II. {¶ 3} Appellant lists ten assignments of error and because of their interrelation, we will discuss them together. The ten assignments of error, verbatim, emphasis omitted, are as follows:
 {¶ 4} "1. The trial court errored by not awarding monetary damages to the plaintiff based on the manifest weight of the evidence that it had before it.
 {¶ 5} "2. The trial court errored by not awarding any monetary damages to the Plaintiff based on the retaliatory eviction/construction eviction done to the Plaintiff by the defendant(s) that the court had before it.
 {¶ 6} "3. The trial court errored by not awarding any monetary damages to the Plaintiff for the perjury that the Defendant(s) had/has did against the Plaintiff in their forcible entry and detainer case that they filed out in the City of Euclid, Ohio on May 20th 2003 or May 21st 2003 and was held on June 17th 2003 in the Euclid, Ohio Court. The forcible entry and detainer was filed in behalf on 2M Properties Inc. by their attorney Michael D. Linn.
 {¶ 7} "4. The assault(s) that was done against the Plaintiff (Tisdale) by the Manager/Custodian (Alexander Reichenbach) in the month(s) of January 2003 and again in March of 2003.
 {¶ 8} "5. All of the tortirous action(s) and all of the malicious action(s) and also all of the intimidation action(s) from the Defendant(s) against the Plaintiff.
 {¶ 9} "6. The bribery of the Plaintiff (Tisdale) by the owner (Paul Perle) to try to get Tisdale to "Drop his lawsuit against them and if Tisdale did decide to drop his lawsuit against the in return he (Perle) would help him Tisdale out by allowing Tisdale to clean-up around his (Perle's) building and that he (Perle) would take something off of Tisdale's rent to help Tisdale out. But if Tisdale decided that he (Tisdale) would not drop the lawsuit that he had filed against them that Tisdale would regret it for not dropping his lawsuit against them.
 {¶ 10} "7. The Plaintiff's (Tisdale's) security deposit and at least one-half of his monthly rent which has not been returned to him. (Separately from any judgement being decided in his case).
 {¶ 11} "8. The trial court errored by not hearing what all had taken place there at the apartment building between all of the parties. When the court should have heard about what all had taken place there at the apartment building because the Appellant/Plaintiff did indeed state about what all had taken place at the apartment building in his initial complaint and in his amended complaint that the court had ordered for him to do.
 {¶ 12} "9. The trial court errored by not reporting to the tribunal or other authorities the conduct of Judge Deborah A. LeBarron and the mess that she made in the forcible entry and detainer case that was heard by her in her courtroom. And also the conduct of the attorney for the defendant(s) in this case Michael D. Linn when he filed the forcible entry and detainer against the Appellant Tisdale and tried intimidating the appellant and violating the law.
 {¶ 13} "10. Whether the Plaintiff was indeed illegally charged with criminal trespassing and resisting arrest by the Euclid, Ohio Police Department and also was illegally locked-up in their jail due to the action(s) of the Defendants retaliating against him for him not dropping his lawsuit against them. And whether the Defendant(s) actions were malicious towards the Appellant Mr. Tisdale."
 {¶ 14} In Delaney v. Cuyahoga Metro. Housing Auth. (July 7, 1994), Cuyahoga App. No. 65714, we held that "* * * an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." However, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel. Quinn v.Paras, Cuyahoga App. No. 82529, 2003-Ohio-4652.
 {¶ 15} Assignments of error one through three incorrectly state the disposition of appellant's case. Appellant claims that the trial court erred by not awarding him any monetary damages; however, judgment was entered in favor of appellant for $150. Therefore, assignments of error one through three are without merit and are overruled.
 {¶ 16} Assignments of error four through ten do not present errors for us to review so that we may affirm, modify or reverse the judgment appealed. For example, in assignment of error eight, appellant argues that the court did not hear all of his case. However, he does not point out what specific facts or events the court denied him the opportunity to present. App.R. 12(A)(2) allows a court of appeals to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." See, also, State v. Watson (1998),126 Ohio App.3d 316, 321 (holding that "[i]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any error. * * * `An appellate court is not a performing bear, required to dance to each and every tune played on appeal'") (internal citations omitted). Accordingly, appellant's remaining seven assignments of error are overruled.
 {¶ 17} Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CELEBREZZE, JR., P.J., and McMONAGLE, J., CONCUR.