[Cite as *State v. Bowling*, 2024-Ohio-1638.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-10-078 |
| | : | O P I N I O N |
| - vs - | | 4/29/2024 |
| | : | |
| WALTER TERRY BOWLING, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40179

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Craig A. Newburger, for appellant.

**BYRNE, J.**

{¶ 1} Walter Terry Bowling appeals from his convictions for two counts of aggravated possession of drugs and one count of domestic violence in the Warren County Court of Common Pleas.

{¶ 2} Bowling presents a single assignment of error, challenging both the

sufficiency and manifest weight of the evidence. After generally summarizing the law applicable to sufficiency-of-the-evidence and manifest-weight-of-the-evidence claims, Bowling presents the following statement as his sole and entire legal argument:

> Wherefore, Appellant asks this Court to determine whether his convictions were not supported by sufficient evidence and/or were against the manifest weight of the evidence and order any appropriate remedies.

Bowling does not elaborate on this argument in any way.

{¶ 3} App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." In turn, App.R. 16(A)(7) requires an appellant's brief to include an argument containing the appellant's contentions with respect to each assignment of error presented for review and "the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 4} Bowling has failed to present any argument with respect to his contention that his convictions were not supported by sufficient evidence or were against the manifest weight of the evidence. Nor does Bowling cite any portion of the record, any authority, or any statute in support of these contentions. Instead, he asks this court to review the record and develop arguments on his behalf. However, it is not the obligation of the appellate court to search the record for evidence to support an appellant's argument as to any alleged error. *State v. Carpenter*, 12th Dist. Clinton No. CA2022-02-005, 2023-Ohio-2523, ¶ 82, citing *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998).

{¶ 5} Because of Bowling's failure to present any argument and to support any argument with citations to the record, we disregard his sole assignment of error for failure

to comply with App.R. 12(A)(2) and 16(A)(7).  *See State v. Patrick*, 12th Dist. Butler No. CA2015-05-090, 2016-Ohio-995, ¶ 38.  Accordingly, we dismiss this appeal.

**{¶ 6}**   Appeal dismissed.

S. POWELL, P.J., and M. POWELL, J., concur.