[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Petitioner Tyrone Hafford appeals from the trial court's order dismissing his petition for postconviction relief brought pursuant to R.C. 2953.21. On June 15, 2001, the trial court ruled that an evidentiary hearing was not necessary to resolve the claims that Hafford had raised in his petition and, concurrent with its entry dismissing the petition, filed its findings of fact and conclusions of law. Hafford now raises two assignments of error in his appeal.
In his first assignment of error, Hafford asserts that the trial court erred in applying the doctrine of res judicata to his claims. Hafford argues that there was insufficient evidence to convict him and that he was denied the effective assistance of counsel based on evidence dehors
the record, an affidavit of co-defendant Gary Curtis.
In Hafford's second assignment of error, he asserts that when the trial court denied him an evidentiary hearing, he was denied various protections afforded him under the United States and Ohio constitutions. Hafford argues that Curtis's affidavit set forth sufficient operative facts to establish substantive grounds for relief: the denial of due process and ineffective assistance of counsel. Because the assignments of error are related, we discuss them together.
Hafford was convicted, after a jury trial, of the aggravated robbery of Justin Harrison. Two co-defendants had been charged in the indictment along with Hafford, Allecis Allen and Gary Curtis. In the direct appeal of his conviction,[1] Hafford claimed that there was insufficient evidence to convict him and challenged the credibility of the state's prosecuting witness, the victim, Justin Harrison. Ineffective assistance of counsel was also raised in Hafford's direct appeal, although that claim was based on reasons other than defense counsel's failure to call co-defendant Curtis as a witness. According to the record transmitted to this court, the prosecutor had reported to defense counsel, prior to trial, in a supplemental discovery response that co-defendant Curtis had denied his involvement in the aggravated robbery and had no knowledge of the offense. Hafford's jury trial was presided over by the same judge who dismissed his postconviction petition without a hearing. Hafford was represented by new counsel in his direct appeal.
The lone documentary evidence submitted by Hafford with his postconviction petition was an affidavit of Gary Curtis. In the affidavit, Curtis claimed that he had told one of Hafford's attorneys and his own attorney that he was willing to testify at Hafford's trial, but that he was never called, and that Hafford had not been part of the robbery and had given him no support in the robbery. In the affidavit, Curtis further claimed that Harrison had told him that he did not want to testify, and that if Curtis paid him $2,000, which Curtis declined to do, he would not show up for trial.
To prevail on his postconviction claims, Hafford had to demonstrate a denial or infringement of his rights in the proceedings concluding in his conviction that rendered the conviction void or voidable under the Ohio or the federal Constitution.[2] Hafford's postconviction claims could have been dismissed without a hearing if he failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.[3]
 Res judicata bars a postconviction petitioner from raising any defense or any claimed lack of due process that was raised or could have been raised at trial or on direct appeal.[4] Res judicata may bar a claim of ineffective assistance where the petitioner was represented by new counsel on direct appeal, where that counsel failed to raise the issue of trial counsel's incompetence, and where the issue could fairly have been determined without evidence dehors the record.[5] When a claim of ineffective assistance could have been raised on direct appeal, without resort to attached affidavits, res judicata is a proper basis for dismissing a defendant's petition for postconviction relief.[6]
Introduction of evidence outside the record may be sufficient to avoid a dismissal without an evidentiary hearing on the basis of resjudicata.[7] But a petitioner cannot overcome the doctrine merely by providing evidence dehors the record. As this court has explained, to defeat the application of res judicata, the evidencedehors the record must meet some threshold level of cogency:[8]
 It must be "competent, relevant and material" to the claim, be more than marginally significant, and advance the claim "beyond mere hypothesis and a desire for further discovery." * * * Thus, it must not be cumulative of or alternative to evidence presented at trial. * * * The evidence "must be more than evidence which was in existence and available to the defendant at the time of the trial and which could and should have been submitted at trial if the defendant wished to make use of it." [Citations omitted.][9]
 If the evidence dehors the record consists of an affidavit, as it does in this appeal, the trial court should consider all the relevant factors when assessing the credibility of the affidavit.[10]
Where a petition for postconviction relief alleges ineffective assistance of counsel, the petitioner bears the burden to submit evidentiary documents containing sufficient operative facts to demonstrate that trial counsel's performance fell below an objective standard of reasonableness, substantially violating at least one essential duty owed to the client, and that the violation prejudiced the defense.[11] To establish prejudice, it must be shown that the petitioner was denied some substantive or procedural right that made the trial unreliable or the proceeding fundamentally unfair.[12] Counsel's decisions concerning which witnesses to call at trial ordinarily fall within the realm of trial strategy and generally will not constitute ineffective assistance.[13]
When a petitioner raises a claim of actual legal innocence, the claim fails to constitute a substantive ground for postconviction relief.[14]
Ohio appellate courts, applying Herrera v. Collins,[15] have held that a defendant's claim of actual innocence based on newly discovered evidence does not provide substantive grounds for postconviction relief because it does not demonstrate a constitutional violation in the proceedings that actually resulted in the defendant's conviction.[16] In this case, since Hafford challenged the sufficiency of the evidence, his claim was barred by res judicata because sufficiency could have been raised on direct appeal and because the limited evidence outside the record failed to materially advance a claim of innocence.[17] Since Hafford failed to set forth sufficient operative facts to establish substantive grounds for relief, the trial court was not obliged to hold an evidentiary hearing before denying the petition. Accordingly, neither assignment of error is well taken.
Therefore, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See State v. Hafford (Mar. 21, 2001), Hamilton App. No. C-000393, unreported (a total of four assignments of error were raised), appeal dismissed (2001), 92 Ohio St.3d 1431, 749 N.E.2d 757.
[2] See R.C. 2953.21(A)(1); see, also, State v. Campbell (Jan. 8, 1997), Hamilton App. No. C-950746, unreported; State v. Lynch (Dec. 21, 2001), Hamilton App. No. C-010209, unreported.
[3] See R.C. 2953.21(C); see, also, State v. Combs (1995),100 Ohio App.3d 90, 98, 652 N.E.2d 205, 209, denial of habeas corpus reversed in Combs v. Coyle (C.A.6, 2000), 205 F.3d 269; State v. Jones
(Dec. 29, 2000), Hamilton App. No. C-990813, unreported.
[4] See State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
[5] See State v. Jones (Dec. 29, 2000), Hamilton App. No. C-990813, unreported, citing State v. Fears, supra.
[6] See State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus.
[7] See State v. Jones (Dec. 29, 2000), Hamilton App. No. C-990813, unreported.
[8] See State v. Fears (Nov. 12, 1999), Hamilton App. No. C-990050, unreported; State v. Issa (Dec. 21, 2001), Hamilton App. No. C-000793, unreported.
[9] See State v. Fears, supra.
[10] See State v. Calhoun (1999), 86 Ohio St.3d 279, 285, 714 N.E.2d 905,911.
[11] See State v. Issa, supra, citing State v. Cole (1982),2 Ohio St.3d 112, 114, 443 N.E.2d 169, 171, and State v. Jackson (1980),64 Ohio St.2d 107, 413 N.E.2d 819, syllabus; see State v. Combs (1994),100 Ohio App.3d 90, 101, 652 N.E.2d 205, 211.
[12] See Lockhart v. Fretwell (1993), 506 U.S. 364, 372,113 S.Ct. 838, 844.
[13] See State v. Smith (1996), 115 Ohio App.3d 419, 426, 685 N.E.2d 595,599; State v. Oliver (1995), 101 Ohio App.3d 587, 594, 656 N.E.2d 348,352; see also State v. Clayton (1980), 62 Ohio St.2d 45, 49,402 N.E.2d 1189, 1192.
[14] See State v. Jones, supra, citing State v. Watson (1998),126 Ohio App.3d 316, 710 N.E.2d 340.
[15] (1993), 506 U.S. 390, 113 S.Ct. 853.
[16] See State v. Byrd (Aug. 21, 2001), Hamilton App. No. C-010379, unreported, at 24-27 (citations omitted); State v. Gillespie (Mar. 9, 2000), Cuyahoga App. No. 75918, unreported.
[17] See State v. Jones, supra.