DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Mark A. Ryder, appeals the decision of the Lorain County Court of Common Pleas denying his petition to vacate and set aside judgment. We affirm.
 {¶ 2} On November 10, 1998, Defendant was indicted by the Lorain County Grand Jury on one count of domestic violence, one count of menacing by stalking, one count of violation of a temporary protective order, one count of aggravated burglary, one count of domestic violence, one count of intimidation, one count of aggravated menacing, and one count of felonious assault.
 {¶ 3} A jury trial commenced on January 5, 1999. On January 8, 1999, the jury returned a guilty verdict on counts three, four, six, seven, eight and nine. On January 11, 1999, Defendant was sentenced to a total prison term of fourteen years. On April 14, 1999, Defendant filed a notice of appeal in this court. We affirmed his conviction and sentence on August 30, 2000. See State v. Ryder (Aug. 30, 2000), 9th Dist. No. 99CA007337.
 {¶ 4} Defendant filed a petition for post-conviction relief on November 1, 1999. The trial court denied his petition on November 18, 1999. Defendant appealed. The appeal was dismissed due to a lack of final appealable order. On March 7, 2001, Defendant moved the trial court for findings of fact and conclusions of law. The court instructed both parties to submit proposed findings of fact and conclusions of law. By journal entry dated August 13, 2004, the trial court rendered its findings of fact and conclusions of law and dismissed Defendant's petition to vacate and set aside judgment.
 {¶ 5} Defendant now appeals, raising two assignments of error for our review. For ease of discussion, we will consider both assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court committed prejudicial error by dismissing [Defendant's] uncontested Petition to Vacate and Set Aside Judgment where the petition presented sufficient operative facts and evidence dehors the trial record that, if proven, would entitle [Defendant] to relief."
 ASSIGNMENT OF ERROR II
"The trial court erred in refusing to conduct an evidentiary hearing on [Defendant's] Petition to vacate and Set Aside Judgment when the evidence offered in support of the petition supported [Defendant's] ineffective assistance of counsel claim. The trial court's error deprived [Defendant] of his constitutional right to due process as guaranteed by the Fifth andFourteenth Amendments to the United States Constitution."
 {¶ 6} In his two assignments of error, Defendant claims that the trial court erred by denying his petition to vacate and set aside judgment and failing to conduct an evidentiary hearing on his petition to set aside judgment where he offered evidence in support of his ineffective assistance of counsel claim. We disagree.
 {¶ 7} A hearing is not automatically required for every petition for postconviction relief. See State v. Yauger (Oct. 6, 1999), 9th Dist. No. 19392, at 3. R.C. 2953.21(C) provides that: "[b]efore granting a hearing on a petition [for post conviction relief] the court shall determine whether there are substantive grounds for relief." Thus, if after reviewing the evidence and the record, the court does not find substantive grounds for relief, it may dismiss the petition without a hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 110. "If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(C). In this case, the trial court did file its findings of fact and conclusions of law. The trial court concluded that Defendant did not have any substantive grounds for relief and dismissed Defendant's petition.
 {¶ 8} An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Watson (1998), 126 Ohio App.3d 316, 324, citingState v. Allen (Sept. 23, 1994), 11th Dist. No. 93-L-123. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} Defendant claims that the trial court erred in denying his motion for post-conviction relief because he received ineffective assistance of trial counsel. Defendant maintains that he was prejudiced by his attorney's actions since his attorney failed to interview a friend of the victim who was thought to have evidence undermining the credibility of the victim, the prosecution's main witness.
 {¶ 10} This Court employs a two-step process in determining whether a defendant's right to effective assistance of counsel has been violated.Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Calhoun (1999), 86 Ohio St.3d 279, 289. "This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id.
 {¶ 11} Second, the defendant must show that the deficient performance of counsel prejudiced the defense. State v. Bradley (1989)42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Id. at paragraph three of the syllabus. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.
 {¶ 12} This court need not address both elements in any particular order — if we find that there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. See Bradley, 42 Ohio St.3d at 143. In this case, we find that Defendant has failed to show that prejudice resulted from trial counsel's acts. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (Jul. 30, 1997), 9th Dist. No. 18215, at 4. Debatable trial strategies do not constitute ineffective assistance of counsel. State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17.
 {¶ 13} Defendant claims that his attorney's "failure to present evidence favorable to the defense denied Defendant a fair trial, and therefore, denied him effective assistance of counsel." The favorable evidence Defendant refers to is that of Ms. Fesco. In Defendant's petition for post conviction relief, he attached an affidavit of Ms. Fesco in which she stated that she saw the victim the day after Defendant had assaulted her, and the victim told Ms. Fesco that "[Defendant] had beaten her in a bar." The victim had testified that Defendant broke into her house and beat her in her house and then took her into her vehicle where he proceeded to assault her.
 {¶ 14} Based on the victim's testimony and the testimony of multiple other witnesses, Defendant was found guilty of violating a temporary protection order, aggravated burglary, intimidation, domestic violence, aggravated menacing and felonious assault. The testimony Defendant claims his trial counsel was ineffective for not introducing, that of Ms. Fesco, could have bolstered the evidence introduced against Defendant for each of the above counts other than his conviction for aggravated burglary. While it is possible that the jury may have viewed Ms. Fesco's testimony in a light favorable to Defendant, and may have discounted the victim's account of her assault, it is equally possible that the jury would have viewed the same testimony in a negative light to Defendant, supporting the victim's claims that he assaulted her and was violent towards her.
 {¶ 15} Licensed attorneys are presumed competent in Ohio. State v.Lytle (1976), 48 Ohio St.2d 391, 397. "[D]efendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland (1984), 466 U.S. at, 689, quoting Michel v. Louisiana (1955), 350 U.S. 91, 101, 100 L.Ed. 83. We do not find that Defendant has overcome the presumption that his attorney was employing a sound trial strategy.
 {¶ 16} If Defendant has not shown substantive grounds for relief on his ineffective assistance of counsel claim, the trial court is not required to conduct a hearing. Jackson, 64 Ohio St.2d at 110.
"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Id. at syllabus.
 {¶ 17} "General conclusory allegations as to counsel's ineffectiveness or broad assertions * * * are inadequate as a matter of law to warrant an evidentiary hearing or support a finding of post conviction relief."State v. Guess (Oct. 8, 1997), 9th Dist. No. 18252, at 5. Defendant submitted his own affidavit stating that he had asked his counsel to interview Ms. Fesco and he submitted Ms. Fesco's affidavit stating that the victim had told her that Defendant assaulted her in a bar. Defendant did not present evidence showing how he was prejudiced by trial counsel's actions, nor did he show that the trial result would have been different but for the alleged deficiencies of counsel. See Bradley,42 Ohio St.3d 136, at paragraph three of the syllabus.
 {¶ 18} As mentioned above, we review the trial court's decision denying Defendant's petition for post conviction relief without a hearing under an abuse of discretion standard. Watson, 126 Ohio App.3d at 324. We find that the trial court did not abuse its discretion in finding that defense counsel's decision not to call Ms. Fesco as a witness to testify that Defendant beat the victim at a bar did not amount to ineffective assistance of counsel.
 {¶ 19} As Defendant did not satisfy his initial burden, the trial court did not err in denying him a hearing. Accordingly, we cannot say that the trial court abused its discretion in denying Defendant's petition for post-conviction relief without a hearing. Defendant's assignments of error are overruled.
 {¶ 20} We overrule Defendant's assignments of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. Concurs.