DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Wood County Court of Common Pleas, which dismissed appellant Ruben Reyes' petition for postconviction relief without a hearing. For the reasons stated below, we affirm.
 {¶ 2} Appellant was sentenced to 13 years in prison after a jury found him guilty of trafficking in cocaine and engaging in a pattern of corrupt activity.[1] On February 23, 2004, appellant filed a "petition to vacate or set aside sentence" pursuant to R.C. 2953.21. Appellant argued that he had received ineffective assistance of trial counsel. The trial court denied his petition on April 15, 2004. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "The trial court abused its discretion and violated the defendant's statutory and constitutional rights, including his due process rights, by summarily denying his pro se petition for relief, entitled `evidentiary hearing requested', `petition to vacate or set aside sentence', without a hearing and without the appointment of counsel, especially given the circumstances and his claims that he was denied the effective assistance of counsel at trial."
 {¶ 4} A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. R.C. 2953.21, State v. Calhoun (1999), 86 Ohio St.3d 279, 282. Before granting an evidentiary hearing on the petition, the trial court shall determine, pursuant to R.C. 2953.21(C), whether there are substantive grounds for relief, i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A). In making such a determination, the trial court shall consider the petition and supporting affidavits as well as all of the files and records pertaining to the proceedings against the petitioner. R.C. 2953.21(C) A trial court's denial of a postconviction relief petition without a hearing must be reviewed on an abuse of discretion standard. State v.Watson (1998), 126 Ohio App. 3d 316. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St. 3d 217, 219.
 {¶ 5} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." State v. Perry (1967),10 Ohio St. 2d 175, 180.
 {¶ 6} In his petition for postconviction relief, appellant alleged that his trial counsel was ineffective in that he failed to fully prepare for the trial and he failed to challenge certain items and or documents admitted into evidence. In its judgment entry, the trial court noted that appellant had not submitted any evidence to support what were essentially his "self-serving conclusory allegations" of ineffective assistance of counsel. We have thoroughly reviewed the record in this case and conclude that the trial court did not abuse its discretion in denying appellant's petition for postconviction relief without a hearing. Appellant's assignment of error is found not well-taken.
 {¶ 7} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant, pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. Concur.
[1] This court affirmed appellant's conviction for trafficking but reversed his conviction for engaging in a pattern of corrupt activity. See State v. Reyes, 6th Dist. No. WD-03-059, ___ Ohio ___.