[Cite as *Huntington Natl. Bank v. Moore*, 2011-Ohio-5610.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| HUNTINGTON NATIONAL BANK, | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
|     Appellee, | |
| v. | Case No. 2011 CA 00047 |
| CYNTHIA MOORE et al., | |
|     Appellants. | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No. 2009 CV 04953


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    October 31, 2011


APPEARANCES:

For Plaintiff-Appellee           For Defendants-Appellants

DAVID M. GAUNTNER           CYNTHIA KAY MOORE
FELTY & LEMBRIGHT           PRO SE
1500 West 3rd Street, Suite 400    730 Denshire Drive NW
Cleveland, Ohio 44113           Canal Fulton, Ohio 44614

*Wise, J.*

{¶ 1} Appellant Cynthia Kay Moore appeals from the February 8, 2011, Judgment Entry entered in the Stark County Court of Common Pleas.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶ 2} This case arose out of a foreclosure action. The relevant facts are as follows:

{¶ 3} On or about December 29, 2009, Plaintiff-Appellee filed a Complaint in Foreclosure against Defendant-Appellee Cynthia Moore related to a certain Note and Mortgage executed by Northup on or about May 24, 2006. Plaintiff-Appellee then obtained leave from the trial court to file an Amended Complaint, which it did on February 2, 2010. After service was complete, Plaintiff-Appellee filed its Motion for Default Judgment against Defendant-Appellant Moore on March 15, 2010, which was granted by the court on March 16. 2010. An Order of Sale was issued to the Stark County Sheriff on April 2, 2010 with Sheriff's Sale being set for June 14, 2010.

{¶ 4} On June 14, 2010, Defendant-Appellant Moore filed a Notice of Bankruptcy and Suggestion of Stay.

{¶ 5} On November 18, 2010, after Defendant-Appellant Moore received a Chapter 7 bankruptcy discharge and her bankruptcy case was terminated, Plaintiff-Appellee filed a Notice of Intent to Proceed, and a new Order of Sale was issued on November 22, 2010. Notice of Sheriff's Sale set for January 24, 2011, was filed on December 30, 2010.

{¶ 6} On January 21, 2011, Defendant-Appellant Moore filed with the court a Motion to Sequester Genuine Original Fixed Rate Note as well as a document titled Affidavit of Negative Averment, Opportunity to Cure and Counterclaim.

{¶ 7} Sheriff's Sale was held on January 24, 2011, and the property was sold.

{¶ 8} Plaintiff-Appellee filed a Motion to strike these pleadings on January 27, 2011.

{¶ 9} On February 4, 2011, Defendant-Appellant Moore filed a Motion for Court to Order Plaintiff to Surrender Defendant's Genuine Original Wet Ink Note.

{¶ 10} By Judgment Entry filed February 8, 2011, the trial court denied Defendant-Appellant Moore's Motion to Sequester and all other pending related motions.

{¶ 11} On March 3, 2011, Confirmation of Sale was entered by the Court.

{¶ 12} Defendant-Appellant Moore now appeals from the trial court's Judgment Entry of February 8, 2011.

<u>Appellate Rules</u>

{ ¶ 13} Upon review of the filings in this matter, we find Appellant's brief not to be in compliance with the Appellate Rules.

{¶ 14} Ohio Rule of Appellate Procedure 16 requires:

{¶ 15} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

{¶ 16} "(1) A table of contents, with page references.

{¶ 17} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

{¶ 18} "(3) A statement of the assignments of error presented for review, *with reference to the place in the record where each error is reflected.*

{¶ 19} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

{¶ 20} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

{¶ 21} "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

{¶ 22} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶ 23} "(8) A conclusion briefly stating the precise relief sought."

{¶ 24} Ohio Appellate Rule 12 reads:

{¶ 25} "(A) Determination

{¶ 26} " * * *

{¶ 27} "(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 28} Compliance with the above-stated rule is mandatory. Also, an appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error

because of "the lack of briefing" on the assignment of error. *Henry v. Gastaldo,* 5th Dist. No. 2005-AP-03-0022, 2005-Ohio-4109, citing *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393; *State v. Watson* (1998) 126 Ohio App.3d, 316, 710 N.E.2d 340, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413, 694 N.E.2d 75.

{¶ 29} The document filed herein purporting to represent Appellant's brief does not comply in any substantial fashion whatsoever with the Ohio Rules of Appellate Procedure and the Local Rules of the Fifth Appellate Judicial District.

{¶ 30} Appellant's brief fails to set forth any separate assignments of error, instead it contains approximately twenty-eight (28) pages of disjointed, incoherent statements. The brief disjunctively enumerates facts and allegations with no attempt to relate the arguments to the individual errors assigned. Appellant further fails to set forth any coherent rationale in support of her arguments, nor does she cite to those parts of the record relating to the arguments.

{¶ 31} This Court will not assume the role of advocate for Appellants in attempting to organize and prosecute the arguments on appeal. Recently, this Court observed in *Musleve v. Musleve* 5th Dist. No. 2007CA00314, 2008-Ohio-3961:

{¶ 32} "It is not a function of this Court to construct a foundation for claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal."

{¶ 33} Appellants' failure to comply with Ohio Appellate Rule 16 is tantamount to failing to file a brief in this matter. "Errors not specifically pointed out in the record and separately argued by brief may be disregarded." Id.

{¶ 34} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Stark County, Ohio, is dismissed for want of prosecution.

By: Wise, J.

Hoffman, P. J., and Delaney, J., concur.



JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


HUNTINGTON NATIONAL BANK,          :
                                   :
    Appellee,                      :
                                   :
v.                                 :          JUDGMENT ENTRY
                                   :
CYNTHIA MOORE et al.,              :
                                   :
    Appellants.                    :          Case No. 2011 CA 00047


       For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Stark County, Ohio, is dismissed for want of prosecution.

       Costs assessed to Appellants.

                                             _____

                                             _____

                                             _____

                                                    JUDGES