[Cite as *Robinette v. Francisco*, 2014-Ohio-599.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BRENDA ROBINETTE | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Respondent-Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2013CA00216 |
| WILLIAM FRANCISCO | |
| Petitioner-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Civil Stalking Order,
Case No. 213MI00248


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     February 18, 2014


APPEARANCES:


For Respondent-Appellant          For Petitioner-Appellee


BRENDA ROBINETTE, PRO SE          LYNN BAUMOEL
PO Box 20025                      Stark County Legal Aid
Canton, Ohio 44701                306 Market Ave. N.
                                  Canton, Ohio 44702

*Hoffman, P.J.*

{¶1}  Respondent-appellant Brenda Robinette appeals the November 26, 2013 Judgment Entry entered by the Stark County Court of Common Pleas which overruled her objection to the Magistrate's Decision, granting a civil stalking protection order against her and in favor of Petitioner-appellee William Franciso.

STATEMENT OF THE CASE[1]

{¶2}  Appellee filed a petition for a civil stalking protection order against Appellant on September 24, 2013.  The matter came on for full hearing before a magistrate on October 3, 2013.  The magistrate granted Appellee an Order of Protection the day of the hearing.

{¶3}  Appellant filed an objection to the magistrate's decision on October 15, 2013.  On November 1, 2013, Appellant filed a Notice of Appeal from the Magistrate's October 3, 2013 Order of Protection.  Via Judgment Entry filed November 26, 2013, the trial court overruled Appellant's objection, and approved and adopted the magistrate's decision as its own.

{¶4}  We have reviewed Appellant's January 2, 2014 filing with this Court designated "APPELLANTS OPENING BRIEF."  Said filing does not comport with App.R.16(A) in the following particulars:

{¶5}  1) It fails to include a table of contents, with page references.

{¶6}  2) It fails to include a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶7}    3) It fails to include a statement of facts relevant to the assignments of error presented for review, with appropriate references to the record.

{¶8}    4) It fails to include an argument with respect to each assignment of error with citations to parts of the record on which Appellant relies.

{¶9}    While said deficiencies warrant dismissal of this appeal for want of prosecution[2], we elect not to do so but rather affirm the trial court's decision for the reasons set forth below.

{¶10}    The thrust of Appellant's argument is Appellee "purged [sic] himself" and the magistrate made a personal judgment against her.

{¶11}    As noted by the trial court, Appellant failed to provide the trial court with a transcript of the magistrate's hearing when ruling on her objection as required per Civ.R. 53.

{¶12}    Furthermore, Appellant has failed to provide this Court a copy of the transcript. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceeding, and affirm." *Knapp v. Edwards Labs.* (1980), 61 Ohio St.2d 197,199.

---

[2] *Huntington National Bank v. Moore*, 5th Dist. No. 2011CA00047, 2011-Ohio-5610; *Pahoundis v. Beamer*, 5th Dist. No. 09CA017, 2009-Ohio-6881; *Parker v. ABN Amro Mortgage Group*, 5th Dist. No. 2008CA0093, 2009-Ohio-4756.

**{¶13}** Based upon the above, the judgment of the trial court is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur